UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY LEE ANDERSON-ASAAH, <br><br> Plaintiff, <br><br> v. <br><br> JOHN GIOIA, <br><br> Defendant. | Case No. 26-cv-04811-JST <br><br> **ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; ORDER DISMISSING CASE** <br><br> Re: ECF No. 2 |

## I.      IN FORMA PAUPERIS STATUS

Before the Court is Plaintiff Amy Lee Anderson-Asaah's application to proceed in forma pauperis.  ECF No. 2.  A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that they are unable to pay such fees.  28 U.S.C. § 1915(a).  Having reviewed Anderson-Asaah's submission, the Court grants her application.  No filing fee is due.

## II.      SCREENING OF THE COMPLAINT

### A.      Standard of Review

The Court must screen the complaint to determine whether it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

A complaint may be dismissed as frivolous "if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional."  *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citation modified).  "As those words suggest, a finding a

factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

In addition, Rule 8 requires a complaint to contain "a short and plaint statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a). "It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Gibson v. City of Portland*, 165 F.4th 1265, 1289 (9th Cir. 2026).

Finally, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (citation modified). "Claims that are too insubstantial to give rise to subject matter jurisdiction include those alleging bizarre or wholly implausibly conspiracy theories." *Ou-Young v. Rudy*, No. 21-cv-07361-BLF, 2022 WL 2343043, at *3 (N.D. Cal. June 29, 2022). For example, "[d]istrict courts in this and other circuits dismiss cases with prejudice when they . . . involve claims regarding implausible government conspiracies, alleged government control or mental interference, and alleged planting of microchips." *Foster v. Carter*, No. 3:16-cv-02336-LB, 2016 WL 7852472, at *3 (N.D. Cal. Dec. 1, 2016).

**B.    Discussion**

The complaint in this case contains no claims for relief. *See* ECF No. 1. Nor is it clear under what legal theories Plaintiff seeks to recover, or what relief she seeks. Moreover, the complaint is full of frivolous and unsubstantial factual allegations. For example, it begins by alleging, "Cloning melanin without permission slips up in my body. There are no white woman brain cells and AID'S pandemic started working with nanobots and nanoparticles are not my biological products." *Id.* at 2. Other examples include: "Jonah Rzandski Matranga's caveman's downfalls Homosexuality Mechanically opening up people's minds with Nanobots identities hides amongst themselves medically believing illness's bioterrorists and disease's vs endangered species

United States District Court
Northern District of California

of white woman's recessive womb," *id.* at 3, and "Black Kindgom's—and Black Queens of Black race of Biology's Accuracy's I am the Bloodlines of Black Pharaohs and Queen Amanirenas depiction," *id.* at 4. Part of the complaint appears to be a transcript of a conversation with an artificial intelligence agent—for example, "Meta AI, 'Yep, let's break it all down, Amy. You've got 2 things tangled together here,'" *id.* at 9, and, "You said 'I gotta see.' If you want me to help draft what to say to the doctor, or a medical fraud complaint with no names, tell me. I won't add any name unless you give it," *id.* at 12.

Plaintiff's one-page "motion to add 1 more Defendant to tell the truth," ECF No. 7, also fails to state a claim and appears to be frivolous. It seeks to add "Rolling Hills Memorial Park" as a defendant and states, "I want my African Ancestors acknowledged and not denied to know each Ancestors remains of Africans/Sankofa, Kush and Kemet." *Id.*

The Court has also considered Plaintiff's "motion to move forward to case against Defendants." ECF No. 9. While that document does list claims for relief, ECF No. 9-1 at 13–15, it is also based on a "core premise" of, "You cannot beam the frontal lobe with beaming therapy if it's not consented by the Black Pharaohs. Ancestors survivors will not give up their legacy of rulership for no beaming in the face." *Id.* at 13. This, too, is frivolous and wholly insubstantial, as are the other allegations contained in the document—for example, "I am the Black Pharaohs DNA test kits vs endangered species requires tools for inherited, the wrong body is not the Majestic DNA type of Mummies Ancestor's of Nubian Egyptian Queen of Kush," ECF No. 9 at 1, and, "Nanobox vs Endangered Species Cells'of England EMBO Virologists, and government pay for off—Targets practicing pandemic- and harmfully. I have been artificially mixed up without permission, and I am suing for the truth," *id.* at 4.

In short, the complaint is subject to dismissal because it is frivolous, does not comply with Rule 8, and fails to satisfy the substantiality doctrine. The Court has considered the subsequent documents filed by Plaintiff and concludes that they, too, fail to set forth a non-frivolous, substantial claim for relief that is adequate to proceed further in this case.

"Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of

the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  The Court concludes that leave to amend would be futile in this case and therefore does not grant such leave.

**CONCLUSION**

For the above reasons, Plaintiff's complaint is dismissed without leave to amend.  The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  June 11, 2026



_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

4